## CULLERS & HENRY v. BRITTON & LYON.

IN COURT OF APPEALS AUSTIN TERM, 1884.

In civil cases no exception to evidence in the trial court will be considered on appeal unless the same appears in a bill or a statement of facts, duly signed and filed before the adjournment of the court for the term at which the trial was had. This is the rule, although the statement of facts was signed and filed within the time allowed by an order of court.

The rule is different in criminal cases.

Appeal from Grayson county.

On motion for re-hearing of motion to strike from the statement of facts certain exceptions to evidence.

After the trial of the case in the county court an order was entered upon the minutes of the court allowing ten days time after the adjournment of the court to prepare, sign and file in the cause a statement of facts. Within the ten days allowed by the order a

statement of facts was signed and filed in the cause. In this statement of facts is embraced exceptions to certain evidence offered by appellees and admitted over the objections of appellants. A motion was made in this court by appellees to strike said exceptions from the statement, which motion this court overruled and appelleas now insist in a motion for re-hearing, that we erred in refusing to sustain their said motion to strike out.

We are cited to two recent decisions of our supreme court in support of this motion for re-hearing, viz: G., C. & S. F. R'y Co. v. Eddins, 3 Texas Law Review, p. 67, and Lockett, et al., v. Schuerenberg, 3 Texas Law Review, p. 98. Upon examination of the decisions named, we are clearly of the opinion that they settle the rule of practice to be that no exception made to evidence in the trial court will be considered in the appellate court, unless the same appears in a bill of exceptions or in a statement of facts, duly signed and filed before the adjournment of the court for the term at which the trial was had. It is plainly stated in both decisions, that exceptions to evidence embraced in a statement of facts, which statement of facts was not signed and filed during the term at which the trial was had cannot be considered ; and this is the case, although the statement of facts was signed and filed within the time allowed by an order of the court.

Such being the rule of practice settled by our supreme court, this court must follow it in civil cases, whatever may be our views of its correctness, and we would have done so in disposing of the original motion had our attention been called to the decisions upon the subject. We were not aware of those decisions however, and in overruling the motion we followed the decisions of this court upon the same question which holds that where the exceptions are embraced in the statement of facts, such exceptions will be considered although the statement of facts, was not filed during the term, but was signed and filed within ten days after the adjournment of the court, under an order of the court which granted that time. (Keeton v. The State, 10 Texas Court of Appeals, 686.)

In the case cited, it is said that the same rule governs in both civil and criminal cases. Our decision of the original motion in this case was therefore in harmonp with the practice decided by this court to be the correct practice. It is provided by statute that "the supreme court shall have power to make rules and aegulations for the govern-

ment of said court and the other courts of the state, to regulate proceedings and expedite the dispatch of business therein." Rev. Stat. Art. 1014. As before stated this court must follow the rules of practice adopted by the supreme court in civil cases, and we must therefore grant the motion for rehearing and sustain the original motion to strike from the statement of facts, the exceptions to appellants to evidence admitted on the trial over their objections.

But in doing this we are not to be understood as overruling the decision of this court upon this question in Keeton v. The State *supra.* While we are bound by any rule of practice which may be established by our supreme court in civil cases, this obligation extends to such causes only, and this court is left at liberty to adopt its own rules of practice in criminal cases, with certain exceptions as to motions, arguments of counsel, and *certiorari* to complete record. Rules for court of appeals, 74-76.

In criminal cases we feel at liberty to adhere to the view of this question announced by this court in the Keeton case, and shall do so until convinced that it is erroneous and we are not so convinced at the present time.

The motion for re-hearing is granted and the motion to strike out the statement of facts the exceptions of apppellants to evidence admitted over their objections on the trial is sustained.

Opinion by Willson, J.